DAVID WILLIAMS *vs.* THE TRAVELERS INSURANCE COMPANY.

Worcester. September 21, 1953. — November 2, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Insurance,* Motor vehicle liability insurance.

An operator of a motor vehicle who was driving it with the knowledge and consent of its owner and was covered by the owner's motor vehicle liability insurance policy at the time of an accident occurring on private property was bound by a coöperation clause in the policy, and breach of such clause by the operator precluded maintenance of a suit in equity to reach and apply the obligation of the insurer under the noncompulsory coverage of the policy in satisfaction of a judgment recovered against the operator for personal injuries sustained in such accident. [477]

There was a breach by the insured of a coöperation clause in a motor vehicle liability insurance policy where it appeared that in the defence of an action of tort against the insured for injuries sustained through operation of the motor vehicle covered by the policy the insurer was prejudiced by intentionally false testimony of the insured presenting a version of the accident unfavorable to the defence and materially different from the version previously given by him to the insurer. [479–480]

BILL IN EQUITY, filed in the Superior Court on May 7, 1951.

The suit was heard by *Giles,* J.

*Charles W. Proctor,* for the plaintiff.

*Sumner W. Elton,* for the defendant.

RONAN, J. This is a bill in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the obligation of the defendant insurance company under a motor vehicle liability policy issued to Donald M. Williams, father of the minor plaintiff, in satisfaction of a judgment which the plaintiff recovered in an action of tort against one Carey C. McKissick for personal injuries resulting from being struck by a truck owned by Williams and operated by McKissick upon private premises adjoining the house where the plaintiff lived. The judge found that McKissick and Williams

testified falsely in the action of tort intending to deceive the company in matters material to the action; that the company was prejudiced in its attempt to defend successfully the action; that McKissick and Williams violated the coöperation clause of the policy; and that the company was not estopped to set up this defence. The plaintiff appealed from a final decree dismissing the bill.

The policy covered the operation of the truck not only by Williams but also by McKissick who was driving it at the time of the accident with the knowledge and consent of Williams. *Goldstein* v. *Bernstein*, 315 Mass. 329, 332. *Sheehan* v. *Goriansky*, 321 Mass. 200, 203.

The truck was being driven upon private property and was therefore not covered by the compulsory insurance provisions of the policy. The plaintiff would not have any rights to have recourse to the policy for the satisfaction of his judgment if the company was exonerated from liability to pay by reason of breach of the conditions of the policy by the insured. *Sanborn* v. *Brunette*, 315 Mass. 231, 232. *Sweeney* v. *Frew*, 318 Mass. 595, 597. The policy contained a coöperation clause the terms of which, the company contends, were violated by Williams and McKissick. McKissick was the only judgment debtor and it is the alleged obligation of the company to him which the plaintiff is seeking to reach and apply to the payment of the judgment. The coöperation clause is binding upon him as well as upon Williams. *Searls* v. *Standard Accident Ins. Co.* 316 Mass. 606, 608. *Metropolitan Casualty Ins. Co.* v. *Blue*, 219 Ala. 37. *Margellini* v. *Pacific Automobile Ins. Co.* 33 Cal. App. (2d) 93. *Curran* v. *Connecticut Indemnity Co.* 127 Conn. 692, 699. *Zitnik* v. *Burik*, 395 Ill. 182. *Marcum* v. *State Automobile Mutual Ins. Co.* 134 W. Va. 144.

McKissick was spending his vacation with his cousin, the plaintiff's father, and on the day of the accident was driving the truck assisting the latter in delivering wood. McKissick at about 7:30 P.M. drove into the driveway between the house where the plaintiff lived and the house of the plaintiff's grandfather. These houses were about fifteen

feet apart. McKissick stopped the truck. Williams got out on the right side and helped out his son who was then a little over four years of age and had fallen asleep in the cab of the truck. McKissick got out of the cab on the left side about four feet from the door of the plaintiff's house. Williams went toward his father's house. Williams decided to make another delivery of wood and told McKissick to drive forward to the wood pile. Williams intended that McKissick and he should have their supper while the truck was being loaded by someone from his father's house. Mc-Kissick got in and started the truck, and the truck struck and injured the plaintiff. One of the crucial questions was the position of the plaintiff relative to the truck when it started.

We need not detail the contents of the statements given by Williams and McKissick to the investigators of the company. It is enough for present purposes to point out that Williams gave a written statement which he signed to the effect that, after he and the plaintiff left the truck, the plaintiff went around in front of the truck as it started forward and was struck; that he told another investigator that he did not know what had happened or where the plaintiff was as he, Williams, had his back to the truck; and that the accident happened in one half minute after the truck had first stopped in the driveway. McKissick gave three written statements which in substance stated that the accident happened in one minute or less after the truck arrived in the driveway. He also answered one interrogatory to the same effect. He answered a second by stating that the plaintiff stepped in front of the truck and was struck, and a third by stating that he did not see the plaintiff since he was so small that he could not be seen over the hood, radiator, and fender of the truck. Both he and Williams testified in the tort action that fifteen minutes elapsed from the time they got out of the truck to the time of the accident. Both in the present suit denied any intention to defraud the company and offered evidence attempting to explain any inconsistencies in their previous statements.

Each was required when requested by the company to furnish fully, accurately, and truthfully whatever information he possessed concerning the accident in order that the company might determine whether it had a defence or whether the matter should be settled and, if so, in view of the nature of questions of law that might be presented as shown by the facts disclosed by the information given by the insured, the amount that should be paid in compromising the claim. In all his communications with the company relative to the claim the insured must be truthful and act in good faith. A misstatement concerning a trivial or inconsequential matter or an honest mistake would not constitute a breach of the coöperation clause. It would not be unusual to find minor discrepancies between a written statement made a few days after an accident and the testimony of a reliable witness under oath given a few years thereafter. *Norwich Union Indemnity Co.* v. *Haas,* 179 Fed. (2d) 827. *George* v. *Employers' Liability Assurance Corp. Ltd.* 219 Ala. 307. *Farmers Automobile Inter-Insurance Exchange* v. *Konugres,* 119 Colo. 268. *Johnson* v. *Johnson,* 228 Minn. 282. But deliberate and wilful falsification of material facts violates the terms of the policy. The furnishing of information known to be false and of a material nature "either before or at the trial would be a breach of the coöperation clause." *Salonen* v. *Paananen,* 320 Mass. 568, 571. *United States Fidelity & Guaranty Co.* v. *Wyer,* 60 Fed. (2d) 856, certiorari denied sub nomine *Wyer* v. *United States Fidelity & Guaranty Co.* 287 U. S. 647. *Ocean Accident & Guarantee Corp. Ltd.* v. *Lucas,* 74 Fed. (2d) 115. *Buffalo* v. *United States Fidelity & Guaranty Co.* 84 Fed. (2d) 883. *Home Indemnity Co.* v. *Standard Accident Ins. Co.* 167 Fed. (2d) 919. *Metropolitan Casualty Ins. Co.* v. *Richardson,* 81 Fed. Sup. 310. *J. Berkman Iron & Metal Co.* v. *Striano,* 111 Fed. Sup. 221. *Farm Bureau Mutual Automobile Ins. Co.* v. *Garlitz,* 180 Md. 615. *Coleman* v. *New Amsterdam Casualty Co.* 247 N. Y. 271. *Seltzer* v. *Indemnity Ins. Co.* 252 N. Y. 330. *Buckner* v. *General Casualty Co.* 207 Wis. 303.

The insurer should not be lulled into security by the information furnished by the insured indicating a genuine defence and then be confronted at the trial of the tort action, through testimony of the insured, with an entirely different version of the accident as it was, for instance, with the testimony of McKissick that he desired the plaintiff to recover and that the accident was his fault, and with that of Williams that the truck was stopped for fifteen minutes before it started and that the plaintiff was then more than thirty feet in front of it. Furthermore, such testimony of McKissick tended to support that of Williams. So far as appears, they were the only adult witnesses at the scene of the accident at the time of its occurrence. In view of the prior statements of Williams and McKissick, the latter's answers to interrogatories and correspondence with the company, we cannot say that the findings that such testimony of each was intentionally false relative to a material matter and was given in an attempt to defraud the company and to its prejudice were plainly wrong. It was said in *Buffalo* v. *United States Fidelity & Guaranty Co.* 84 Fed. (2d) 883, 885, that "Nothing is more dangerous than a client who deliberately falsifies the facts." See to the same effect *Searls* v. *Standard Accident Ins. Co.* 316 Mass. 606, 609.

We do not agree with the contention of the plaintiff that the insurer could not have been harmed because the plaintiff would have prevailed in the action of tort if Williams and McKissick had testified at the trial thereof in accordance with the written statements previously given to the insurer. At most that was a matter of conjecture. See *Burke* v. *Durland,* 312 Mass. 291; *Cioffi* v. *Lowell,* 316 Mass. 256. The issue in this suit is not the liability of McKissick to the plaintiff for that was settled by the final judgment in the tort action, but whether or not the failure of the insured to comply with the coöperation clause of the policy permitted the insurer to avoid liability. *Royal Indemnity Co.* v. *Rexford,* 197 Fed. (2d) 83, 86. Appleman, Ins. Law & Practice, § 4773. The judge found that the insurer was

prejudiced.[1]  In so concluding the judge was not plainly wrong but clearly right.  It is idle to argue that the giving of intentionally false testimony upon a material issue in the tort action, highly detrimental to the insurer, did not prejudice it.

*Decree affirmed with costs.*

---

[1] *Valladao* v. *Fireman's Fund Indemnity Co.* 13 Cal. (2d) 322.  *Glens Falls Indemnity Co.* v. *Keliher,* 88 N. H. 253.  *Whittle* v. *Associated Indemnity Corp.* 130 N. J. L. 576.  *Coleman* v. *New Amsterdam Casualty Co.* 247 N. Y. 271. *Shipp* v. *Connecticut Indemnity Co.* 194 Va. 249.  *Hunt* v. *Dollar,* 224 Wis. 48.