HENRY J. CASSIDY, Junior, *vs.* LIBERTY MUTUAL INSURANCE COMPANY.

Suffolk. October 10, 1958. — December 2, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Insurance,* Motor vehicle liability insurance. *Fraud. Estoppel.*

A misrepresentation by or in behalf of the insured under a policy of noncompulsory motor vehicle liability insurance to the insurer at the time of its procurement, that the insured was the owner of the vehicle covered by the policy, whereas he actually had no proprietary interest in the vehicle whatever, made knowingly and with intent that it

should be relied on by the insurer in issuing the policy, rendered the policy void as to the insured. [142]

There was a material breach by the insured of a coöperation clause in a noncompulsory liability insurance policy on a motor vehicle registered in the name of the insured where it appeared that from the time of issuance of the policy to the time of trial of an action against him by one injured while riding in the vehicle as a guest the insured knowingly and falsely represented to the insurer that he owned the vehicle, whereas he actually had no proprietary interest in it whatever. [142]

Defences available to the insurer under a policy of noncompulsory motor vehicle liability insurance as against the insured based on his fraud in procuring the policy and breach of a coöperation clause in the policy were equally available to and decisive in favor of the insurer as against a judgment creditor of the insured seeking to reach and apply the insurer's obligation under the policy to the satisfaction of the judgment. [143]

The insurer under a noncompulsory liability insurance policy on a motor vehicle registered in the name of the insured, by continuing to defend an action of tort for personal injuries by a guest occupant of the vehicle against the insured after learning that the insured did not own it, was not estopped from disclaiming liability under the policy by reason of the insured's fraud and breach of a coöperation clause in the policy through falsely representing that he did own it where it appeared that, prior to continuing defence of the action, the insurer and the insured had entered into a written agreement wherein the insurer reserved its rights to disclaim liability under the policy on the grounds of such fraud and breach by the insured. [143]

BILL IN EQUITY, filed in the Superior Court on March 11, 1957.

The suit was heard by *Voke*, J.

*William I. Schell*, for the plaintiff.

*Bertram A. Sugarman*, (*Edward J. Barshak* with him,) for the defendant.

RONAN, J. This is a bill in equity brought under G. L. c. 175, §§ 112 and 113, and c. 214, § 3 (10), to reach and apply the proceeds of a liability insurance policy. The court below entered a decree dismissing the bill and the plaintiff appealed.

We have no report of the evidence but the judge made full findings of facts which may be summarized as follows: The plaintiff was injured while riding as a guest in an automobile owned and operated by one Cornelius Sullivan. The automobile was registered in the name of one James H.

Smith and there was a policy of liability insurance on it standing in the name of Smith as insured, which policy included the compulsory coverage under the provisions of G. L. c. 90 as well as noncompulsory guest coverage. It is the latter which is involved here. The policy also contained the usual coöperation clause. The judge found that Smith at no time had an insurable interest or any proprietary interest in the vehicle, that Sullivan was the owner, and that the defendant issued no liability policy covering Sullivan. The plaintiff sued Smith, the registered owner, for injuries sustained in the accident and recovered judgment. Execution having been returned unsatisfied, he brought this bill against the defendant insurance company. Prior to the trial of the tort action, which was defended by the defendant's attorney, Smith orally, by written report, and by his answers to interrogatories, stated that he was the owner of the vehicle, when in fact he was not. When the case came to trial before an auditor, however, Smith admitted he did not own the automobile, whereupon the attorney for the insurance company agreed to continue to defend the action in consideration of the reservation of its rights under the policy to disclaim liability on the grounds of fraud in procuring the policy and noncoöperation in the defence of the tort action. An express written agreement of nonwaiver was entered into by Smith and the company. When the plaintiff brought his present bill the defendant set up the defences of fraud and noncoöperation. The judge found that it was justified under the policy contract in reserving its rights to disclaim liability because of the fraud practised upon it by Smith and because of Smith's breach of the coöperation clause of the policy, and entered the decree dismissing the plaintiff's bill.

The decree was right.

The evidence has not been reported; nor is there a report of material facts under G. L. c. 214, § 23. Treating the document entitled "Findings, Rulings and Order for Decree" as the report of the material facts, the decree must be affirmed if it is consistent with the specific facts found therein. *Goldston* v. *Randolph*, 293 Mass. 253, 255.

On the issue of fraud, the judge found that Smith, or someone acting in his behalf, misrepresented that he (Smith), at the time of the execution of the insurance contract, was the owner of the vehicle when in fact he had no proprietary interest whatever in it. Where such a misrepresentation is made in the negotiation of a policy of insurance, it may be deemed material so as to enable the insurer to avoid the policy if it is made with actual intent to deceive. See G. L. c. 175, § 186. Here the judge found that Smith or one acting in his behalf made this misrepresentation knowing it to be false and with the intention that it should be acted upon by the company. The decree is consistent with this finding. Furthermore, if Smith had an insurable interest in the property covered by the policy and had fraudulently concealed his identity, this would have invalidated the contract of insurance at the insurer's option as against him. *Leone's Case*, 239 Mass. 1, 4, and cases cited. But here, where Smith had no insurable interest in the property covered by the policy, the policy was void as to him, and Smith's lack of an insurable interest constituted a valid defence by the company against him. *O'Neill* v. *Queen Ins. Co.* 230 Mass. 269, 270. *Womble* v. *Dubuque Fire & Marine Ins. Co.* 310 Mass. 142, 144.

The judge also found that Smith's further misrepresentations up to the time of trial that he was the owner of the vehicle constituted lack of coöperation on his part. This finding was clearly correct. The intentional furnishing of false information of a material nature either before or at trial is a breach of the coöperation clause. *Searls* v. *Standard Acc. Ins. Co.* 316 Mass. 606. *Salonen* v. *Paanenen*, 320 Mass. 568, 571. *Williams* v. *Travelers Ins. Co.* 330 Mass. 476, 479, and cases cited at p. 479. The misrepresentations made by Smith were clearly material since they went to the issue of his (and hence the company's) liability for the plaintiff's injuries.

While these defences which the insurer has against the insured would not be available to the insurer against an injured party seeking to reach proceeds where compulsory lia-

bility coverage under G. L. c. 90 is involved, *Caccavo* v. *Kearney*, 286 Mass. 480, *Fallon* v. *Mains*, 302 Mass. 166, the result is otherwise where, as here, what is involved is noncompulsory guest coverage. Where the obligation, if any, which the plaintiff seeks to reach arises out of non-compulsory insurance, any defence available to the insurer against the insured is also available against the plaintiff, for the plaintiff's rights stand no higher than those of the insured whose rights against the insurer he seeks to reach. *Terrasi* v. *Peirce*, 304 Mass. 409, 410–411. *Sanborn* v. *Brunette*, 315 Mass. 231, 232. *Goldstein* v. *Bernstein*, 315 Mass. 329, 332. *Potter* v. *Great Am. Indem. Co.* 316 Mass. 155, 157. *Salonen* v. *Paanenen*, 320 Mass. 568. *Sheehan* v. *Goriansky*, 321 Mass. 200, 203. *Williams* v. *Travelers Ins. Co.* 330 Mass. 476, 477. *Polito* v. *Galluzzo*, 337 Mass. 360, 363. Since the defences of fraud and noncoöperation would defeat the insured, so too do they defeat the plaintiff.

The plaintiff's rights against Smith and the fact that the vehicle was illegally registered and an outlaw upon the highway are irrelevant to the rights or the absence of rights of the plaintiff against the insurance company.

Having entered into a nonwaiver agreement with Smith, the defendant thereby saved its right to disclaim liability for the reasons given in the agreement. It was not estopped, by reason of its having continued to defend the tort action against Smith, from setting up its defences against the latter in the plaintiff's suit against it. *Sanborn* v. *Brunette*, 315 Mass. 231. *Salonen* v. *Paanenen*, 320 Mass. 568, 572. *Williams* v. *Travelers Ins. Co.* 330 Mass. 476. See *Polito* v. *Galluzzo*, 337 Mass. 360.

*Decree affirmed with costs of the appeal.*