LOUIS M. LOMBARDI & another *vs.* LUMBERMENS MUTUAL
CASUALTY COMPANY
(and two companion cases [1]).

Suffolk. January 11, 1972. — March 3, 1972.

Present: TAURO, C.J., CUTTER, QUIRICO, & HENNESSEY, JJ.

*Insurance,* Motor vehicle liability insurance.

Where, following an accident in the evening involving the automobile
of the insured under a policy of motor vehicle liability insurance,
there were discrepancies between the report to the insurer of the
insured's activities during the evening prior to the accident and his
testimony before an auditor three years later, and a substantial dis-
crepancy between the insured's report that he drank only one beer
that evening and his testimony before the auditor that he drank
four bottles of beer that evening, but there was no evidence that
imbibing beer contributed to causing the accident, the discrepancies
were immaterial and were not sufficient to constitute breach of a
coöperation clause in the policy or to relieve the insurer of liability
for judgments against the insured in favor of persons seeking to
reach and apply the insurer's obligation under noncompulsory
coverage of the policy. [311–312]

THREE BILLS IN EQUITY filed in the Superior Court on
May 13, 1965, and December 2, 1965.

The suits were heard by *Sullivan,* J.

*Edmund Z. Dymsza* for the defendant.

*Benjamin F. Forde, Jr.* (*Dwight L. Allison* with him)
for the plaintiffs.

*James D. McLaughlin,* for John Tobin & *Ralphael I.
Landau,* for Angela Diane Carro & another, joined in
a brief.

TAURO, C.J. These are three bills in equity brought
under G. L. c. 214, § 3 (10), to reach and apply an obli-
gation imposed upon the defendant (Lumbermens) by a
motor vehicle liability policy issued by Lumbermens to

---

[1] John Tobin & another, and Angela Diane Carro & another, against
the same defendant.

one Francis S. Cammarata in satisfaction of judgments obtained by the plaintiffs in actions of tort against Cammarata, G. L. c. 175, §§ 112–113. Lumbermens appeals from final decrees in favor of the plaintiffs in the three bills which were consolidated for trial and appeal. Counsel for Lumbermens withdrew from the case during a trial before an auditor disclaiming liability under the policy on the ground that its insured Cammarata had overstated the coöperation clause in the insurance contract by telling conflicting stories as to the circumstances of the automobile accident.

The trial judge found that "there are minor differences between the signed statement and the transcript concerning background information having no relation to the actual happening of the accident." The judge considered "these differences are not material, substantial, nor prejudicial in any way."

The evidence was all documentary, and this court is in the same position as the trial judge to appraise it. See *Skil Corp.* v. *Barnet,* 337 Mass. 485, 488; *F. A. Bartlett Tree Expert Co.* v. *Barrington,* 353 Mass. 585, 586, n. 1. The guest coverage afforded by the policy was not compulsory and the insurer may, as against the plaintiffs, avail itself of any defences which it would have against the insured. *Imperiali* v. *Pica,* 338 Mass. 494, 497–498. See *Jertson* v. *Hartley,* 342 Mass. 597, 602. "The intentional furnishing of false information of a material nature either before or at trial is a breach of the coöperation clause." *Cassidy* v. *Liberty Mut. Ins. Co.* 338 Mass. 139, 142. See *Williams* v. *Travelers Ins. Co.* 330 Mass. 476, 479, and cases cited therein.

Counsel for Lumbermens at the time of his withdrawal had questioned Cammarata in direct examination only as to the events that occurred earlier in the evening prior to the accident. These events can be considered only to have an indirect bearing on the actual occurrence of the accident. No questions were asked by counsel as to how the accident occurred. "[T]he insurer is not required to show that it was prejudiced by the insured's

failure to coöperate, but that . . . does not preclude an inquiry as to whether the breach was not material." *Imperiali* v. *Pica, supra,* at 501. The accident report in question was filed on October 30, 1961 (the accident occurred on September 9, 1961), and the testimony before the auditor was on December 8, 1964, and as this court has stated, "It would not be unusual to find minor discrepancies between a written statement made a few days after an accident and the testimony of a reliable witness under oath given a few years thereafter." *Williams* v. *Travelers Ins. Co.* 330 Mass. 476, 479. The discrepancies between the report and the testimony before the auditor were not of a material nature. They concerned only the details of what Cammarata was doing during the evening prior to the occurrence of the accident. Although a substantial discrepancy existed as to what Cammarata did during the evening of the accident, we agree with the judge below that these differences were not of a material nature and were not shown to have any relationship to the accident itself. Cammarata in his report to the defendant stated he did not drink, except perhaps a beer at supper, but there was testimony before the auditor that he had four bottles of beer during the evening. There was no finding, however, that Cammarata was intoxicated or that his driving ability at the time of the accident was impaired. Nor was there any evidence that the beer contributed in any way to causing the accident. Indeed, counsel for Lumbermens withdrew from the case during his examination of Cammarata without even questioning him as to how the accident happened.

*Decrees affirmed*
*with costs of appeal.*