Luis A. Lorenzo-Martinez & another[1] *vs*. Safety
Insurance Company & another.[2]

No. 01-P-1313.

Worcester. February 7, 2003. - June 19, 2003.

Present: Porada, Kaplan, & Cohen, JJ.

*Insurance,* Motor vehicle insurance, Uninsured motorist. *Motor Vehicle,*
Insurance. *Contract,* Insurance. *Practice, Civil,* Summary judgment.

Statement clarifying this court's holding in *Ellis* v. *Safety Ins. Co.*, 41 Mass.
App. Ct. 630, 638-639 (1996), and declaring that a insured's wilful, unex-
cused refusal to submit to an examination under oath, without proof of
actual prejudice to the insurer's interests resulting from the refusal,
constitutes a material breach of a standard automobile insurance contract
discharging the insurer's liability under the contract. [362-364]
In a civil action brought by two insureds after their insurance companies had
denied uninsured motorist coverage under two standard motor vehicle
insurance policies after the insureds had refused to comply with their
obligation under the policies to submit to an examination under oath
within a reasonable time after each respective insurer had been notified of
the claim, a Superior Court judge properly decided that one insured's
insurer's request for an examination under oath was made within a reason-
able time and therefore appropriately granted summary judgment in favor
of that insurer, where the insurer's request for an examination under oath
was made after the insurer had made seven requests for a recorded state-
ment without any response to those requests from the insured and only
after the insurer was faced with a claim under G. L. c. 93A and G. L.
c. 176D without having had the benefit of a statement from the insured
about the accident [364-365]; however, a second Superior Court judge
erred in deciding that the other insured's insurer's request for an examina-
tion under oath was made within a reasonable time and in granting sum-
mary judgment in favor of that insurer, where nothing in the record

[1]Sylvia I. Suarez.
[2]Massachusetts Insurers Insolvency Fund (Fund). The Fund was substituted
for the defendant Trust Insurance Company (Trust) when Trust was declared
insolvent. Under G. L. c. 175D, § 5(1)(*b*), the Fund is deemed to be the
insurer for purposes of claims against an insolvent insurer, and pursuant to
G. L. c. 175D, § 5(2)(*a*), the Fund is permitted to defend actions for unpaid
benefits against the insolvent insurer. We substitute Trust for the Fund
throughout this opinion.

indicated that the second insurer had done anything to investigate the second insured's claim until after the second insured had initiated this action, and where the second insurer did not request an examination under oath thirteen months after receipt of notice of the second insured's claim [365-366].

CIVIL ACTION commenced in the Superior Court Department on September 13, 1999.

A motion for summary judgment as to one plaintiff and defendant was heard by *James P. Donohue*, J., and judgment was entered by *Daniel F. Toomey*, J.; a second motion for summary judgment as to a second plaintiff and a second defendant was heard by *John S. McCann*, J.

*John E. Stafford* for the plaintiffs.

*Michael L. Snyder* for Massachusetts Insurers Insolvency Fund.

*Richard W. Jensen* for Safety Insurance Company.

PORADA, J. The principal issue presented by this case is whether an insurer may deny uninsured motorist coverage under the standard Massachusetts motor vehicle insurance policy to a claimant who refuses to comply with his or her obligation under the policy to "submit to an examination under oath . . . within a reasonable time after [the insurer is] notified of the claim," without proof by the insurer of actual prejudice to its interests caused by the claimant's refusal. In separate motions for summary judgment filed by the insurers, Trust Insurance Company (Trust) and Safety Insurance Company (Safety), two Superior Court judges ruled that the submission to an examination under oath by the respective claimants, Luis A. Lorenzo-Martinez and Sylvia I. Suarez, was a condition precedent for coverage under their policies and that, by refusing to submit to an examination under oath, Martinez and Suarez had forfeited their coverage under their policies. Judgments entered dismissing Martinez's and Suarez's complaint seeking to compel their respective insurers to proceed to arbitration of their claims for uninsured motorist benefits. For the reasons stated, we affirm the judgment, as modified herein, for Trust but vacate the judgment for Safety, and we remand the action to the Superior Court for further proceedings.

We recite the pertinent undisputed facts and procedural background. On July 19, 1998, Suarez was the operator of, and Martinez was a passenger in, a vehicle owned by Martinez when it was struck on a public highway by an unidentified pick-up truck. The driver of the truck left the scene without making his or her identity known. Martinez was insured under a Massachusetts motor vehicle insurance policy issued by Trust. Suarez was insured under a Massachusetts motor vehicle insurance policy issued by Safety. The policies each contained the following pertinent clauses:

> "We may . . . require you and any person seeking payment under any part of this policy to submit to an examination under oath at a place designated by us, within a reasonable time after we are notified of the claim.

> "After an accident or loss, you or anyone else covered under this policy must cooperate with us in the investigation, settlement and defense of any claim or lawsuit."

Martinez filed a claim with Trust for uninsured motorist benefits on July 23, 1998. In response, Trust requested that Martinez provide it with a recorded statement. On May 14, 1999, after numerous requests for a recorded statement from Martinez, to which Martinez did not respond, Trust requested that Martinez submit to an examination under oath in order for it to complete its investigation of the accident. Martinez refused to submit to an examination under oath on the ground that the request was not made within a reasonable time after Trust's receipt of notice of the claim as required under the policy. Based upon Martinez's refusal, Trust denied Martinez's claim.

Suarez submitted a notice of her claim to Safety for uninsured motorist benefits on August 19, 1998. There is nothing in the record to indicate that there was any further contact between Safety and Suarez until May 10, 1999, when Suarez's attorney made a demand upon Safety in writing for settlement of her claim and asserted claims under G. L. c. 93A and G. L. c. 176D, § 3. On June 2, 1999, Safety made an offer of $3,000 to settle her claim. On August 6, 1999, Safety sent a letter to Suarez's attorney requesting confirmation of the medical expenses paid by the personal injury protection carrier.

On September 14, 1999, Martinez and Suarez filed a complaint in the Superior Court requesting appointment of an arbitrator to resolve their claims against Trust and Safety for uninsured motorist benefits under their respective motor vehicle insurance policies. On September 29, 1999, Safety made a demand upon Suarez for an examination under oath, which she refused. Both Trust and Safety filed answers in opposition to the appointment of an arbitrator and counterclaims seeking a declaration that Martinez and Suarez were not entitled to coverage under their policies because of their refusal to submit to examinations under oath. Arbitration was stayed pending resolution of the defendants' counterclaims for declaratory relief. Both Trust and Safety moved separately and at different times for summary judgment. Upon allowance of both motions and separate judgments in favor of Trust and Safety, Martinez and Suarez filed this appeal.

On appeal, both Martinez and Suarez claim that the allowance of summary judgment was error because Trust and Safety failed to request an examination under oath within a reasonable time after receipt of notice of the claim, and coverage cannot be denied without the insurers' demonstration that they suffered actual prejudice by the refusal.

In *Ellis* v. *Safety Ins. Co.*, 41 Mass. App. Ct. 630, 638-639 (1996), we held that the submission to an examination under oath is a condition precedent to recovery under an automobile insurance policy and that the unexcused failure to submit to such examination constitutes a material breach of the contract. We based our holding on *Mello* v. *Hingham Mut. Fire Ins. Co.*, 421 Mass. 333, 336-337 (1995), in which the Supreme Judicial Court ruled that submission to an examination under oath, if the request is reasonable, is strictly construed as a condition precedent to the insurer's liability and that the insured's refusal to comply with such reasonable request results in forfeiture of coverage without proof of prejudice to the insurer's interest. The result reached in *Mello* was in stark contrast to prior rulings by the Supreme Judicial Court holding that an insured's failure to discharge other responsibilities under his or her insurance policy would not constitute a breach of the insurance contract without both proof of breach and actual prejudice to

the insurer's interests resulting from the breach. See *Johnson Controls, Inc.* v. *Bowes*, 381 Mass. 278, 280-282 (1980) (failure to give notice of claim within time period required by policy); *MacInnis* v. *Aetna Life & Cas. Co.*, 403 Mass. 220, 223 (1988) (failure to obtain consent of insurer to insured's settlement of her claim against tortfeasor); *Darcy* v. *Hartford Ins. Co.*, 407 Mass. 481, 490-491 (1990) (failure to cooperate with insurer in defense of underlying claim). It is not clear from the *Mello* decision what distinguishes the insured's obligation to submit to an examination under oath in an insurance contract from those other recited obligations which require both proof of breach and actual prejudice. The Supreme Judicial Court in *Mello*, 421 Mass. at 336-337, apparently relied upon the fact that G. L. c. 175, § 99, prescribed the form of the fire insurance policy in question, including the provision obligating an insured to submit to an examination under oath, and that the insured's failure to submit to an examination under oath might significantly hamper the insurer's ability to investigate the claim, particularly where the claim is suspect.[3] Although in *Ellis* we applied the holding of the *Mello* decision to the automobile insurance policy in question, we noted that the insured's claim preceded the decision of *Darcy* v. *Hartford Ins. Co.*, 407 Mass. at 488-489, in which the Supreme Judicial Court expressly limited to future cases its ruling that an insured's failure to cooperate would not bar recovery under an insurance policy absent proof by the insurer of prejudice to its interests resulting from that failure. *Ellis* v. *Safety Ins. Co.*, 41 Mass. App. Ct. at 638-639 & n.11.

We now clarify our holding in *Ellis* and decide that a wilful, unexcused refusal to submit to an examination under oath, without proof of actual prejudice to the insurer's interests resulting from the refusal, constitutes a material breach of the insurance contract discharging the insurer's liability under the contract. As in *Mello*, the provision for the submission to an examination under oath contained in the standard automobile insurance policy was not prescribed by the insurance

---

[3]In *Mello*, there was a suspicion of arson. *Mello* v. *Hingham Mut. Fire Ins. Co.*, 421 Mass. at 337.

company.[4] The provision ostensibly exists to weed out fraud by providing an insurer with a mechanism for obtaining formal corroboration of a claim. This mechanism is particularly important in situations like the hit-and-run accident at issue here, where information about the claim is primarily or exclusively within the possession of the insured. Because of the insurer's heightened need for reliable information from the insured in such cases, we are of the opinion that the obligation to submit to an examination under oath is distinguishable from other obligations of the insured under the insurance contract, in which breach and actual prejudice must be shown. Consequently, an insured's wilful, unexcused failure to submit to an examination under oath constitutes a breach of the standard automobile insurance contract resulting in forfeiture of coverage for uninsured motorist benefits without proof of actual prejudice resulting to the insurer's interests. Our ruling appears to comport with the law in other jurisdictions. See 13 Couch, Insurance § 196.23 (3d ed. 1999) ("Generally, in the absence of a reasonable excuse, when an insured fails to comply with the insurance policy provisions requiring an examination under oath . . . the breach generally results in forfeiture of coverage, thereby relieving the insurer of its liability to pay, and provides the insurer an absolute defense to an action on the policy").

Accordingly, the only question remaining in this case is whether Martinez and Suarez had an excuse that relieved them from submitting to an examination under oath. We consider their reasons separately.

Martinez refused to submit to an examination under oath on the ground that the request for an examination under oath, which was made approximately nine months after he gave notice of his claim, was not made within a reasonable time after Trust's receipt of notice of his claim. What is a reasonable time is usually a question of fact, but if the facts are not in dispute, it is a question of law. *Powell* v. *Fireman's Fund Ins. Cos.*, 26 Mass. App. Ct. 508, 513 (1988). Determining what is a reasonable time involves examining "the nature of the contract, the probable intention of the parties, and the attendant circumstances."

---

[4]The Commissioner of Insurance is responsible for approval of the form of the policy. G. L. c. 175, § 113A.

*Plymouth Port, Inc.* v. *Smith*, 26 Mass. App. Ct. 572, 575 (1988). Here, it is undisputed that the request for an examination under oath was made after Trust had made seven requests for a recorded statement[5] without any response to these requests from Martinez and only after Trust was faced with a claim under G. L. c. 93A and G. L. c. 176D without having had the benefit of a statement from Martinez about the accident, a refusal to give a recorded statement, or any explanation of why a recorded statement was not forthcoming. Trust was not required to utilize what would obviously be a more costly and time-consuming mechanism to investigate a claim that it did not consider suspect before it made its demand for an examination under oath, in light of Martinez's obligation under the policy to cooperate with Trust's investigation of the claim and Trust's reciprocal obligation to exercise good faith and diligence in securing that cooperation. *Imperiali* v. *Pica*, 338 Mass. 494, 498-499 (1959). Once Trust had exhausted its efforts to secure that cooperation (certainly after seven attempts had been made to obtain, without additional expense, a statement to which it was entitled) and was faced on May 10, 1999, with a potential law suit for unfair settlement practices without the prospect of a statement from its claimant, its request for an examination under oath was made within a reasonable time after receipt of notice of the claim in accord with the policy provision. In those circumstances, Martinez's refusal to submit to an examination under oath was both wilful and unexcused, resulting in the forfeiture of coverage of his claim for uninsured benefits under his policy. Summary judgment was appropriate on his claim.[6]

We now turn to the allowance of Safety's motion for sum-

---

[5]A recorded statement differs from a statement or examination under oath. *Pervis* v. *State Farm Fire & Cas. Co.*, 901 F.2d 944, 946 n.3 (11th Cir.), cert. denied, 498 U.S. 899 (1990). A recorded statement is an oral statement given by an insured to the insurer's representative who records it on a tape recorder. A statement or examination under oath is an examination conducted by the insurer of the insured who is placed under oath and whose answers are transcribed by a stenographer. 13 Couch, Insurance §§ 196.6-196.13.

[6]Martinez also claims that the judge erred in failing to postpone the hearing on Trust's motion for summary judgment in order to enable him to complete discovery. Martinez commenced this action in September, 1999. Trust filed its motion for summary judgment in May, 2000. The hearing on the motion for summary judgment was scheduled for July 7, 2000, and postponed to August

mary judgment. Suarez argues that her refusal to submit to an examination under oath was justified because Safety filed its request for such an examination on September 29, 1999, some thirteen months after Safety's receipt of notice of her claim on August 23, 1998. Unlike Trust, which promptly undertook an investigation of its insured's claim and made repeated attempts to secure a statement from its insured, the record does not disclose that Safety made any attempt to contact Suarez or investigate her claim after receipt of her notice of claim until May, 1999. In fact, in June, 1999, Safety was prepared to settle the claim without a statement from Suarez. Thereafter there is nothing on the record that indicates that Safety did anything to investigate the claim until after Suarez had initiated this action. In these circumstances, mindful that an insurer has a reciprocal duty to exercise good faith and diligence in seeking cooperation from its insured, *Imperiali* v. *Pica*, 338 Mass. at 498-499, we are of the opinion that Safety's request for an examination under oath some thirteen months after receipt of notice of the claim was not made within a reasonable time and that Suarez's refusal to submit to an examination under oath was justified. For this reason, summary judgment should not have been granted for Safety.

The judgment dismissing Martinez's complaint against Trust is affirmed, and a judgment shall enter on Trust's counterclaim declaring that Martinez is not entitled to uninsured coverage under his motor vehicle insurance policy issued by Trust because of his wilful, unexcused failure to submit to an examination under oath.[7] The judgment dismissing Suarez's complaint is vacated, and a judgment shall enter on Safety's counterclaim declaring that Suarez's refusal to submit to an examination under oath did not constitute a breach of the automobile insur-

7, 2000. Apart from the fact that Martinez had ample time to conduct discovery prior to the hearing on Trust's motion, the record does not disclose that Martinez filed a motion to continue the hearing or an affidavit under Mass.R.Civ.P. 56(f), 365 Mass. 825 (1974), stating his reasons justifying further postponement to complete discovery. As a result, the judge would not have abused his discretion in denying any such request. *First Natl. Bank of Boston* v. *Slade*, 379 Mass. 243, 244-245 (1979).

[7]We do not consider Martinez's appeal frivolous, and thus we decline to award attorney's fees and double costs pursuant to Mass.R.A.P. 25, as appearing in 376 Mass. 949 (1979).

ance contract issued by Safety to her which is the subject of this action. The matter is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*