RAMON A. MORALES & another[1] vs. PILGRIM
INSURANCE COMPANY.

No. 02-P-289.

Worcester. April 11, 2003. - August 4, 2003.

Present: PORADA, KASS, & GREENBERG, JJ.

*Insurance,* Motor vehicle insurance, Uninsured motorist. *Motor Vehicle,*
Insurance. *Contract,* Insurance, Performance and breach, Construction of
contract.

In an action under G. L. c. 251, § 2, seeking the appointment of an arbitrator
to resolve the plaintiffs' claims for uninsured benefits under a standard
Massachusetts motor vehicle insurance policy issued by the defendant
insurer, the Superior Court judge properly allowed the defendant's motion
for summary judgment on the ground that the plaintiffs had forfeited their
rights to coverage under the policy because of their refusal to comply with
a policy provision requiring them to submit to an examination under oath
where, given the purpose of the provision as an aid to the defendant's
investigation of the claim, the defendant had the right to demand that the
plaintiffs submit separately and out of the presence of each other to an
examination under oath, and where the plaintiffs' wilful and unexcused
refusal to accede to that demand was a material breach of the insurance
contract, resulting in forfeiture of coverage of their claims. [724-725]

CIVIL ACTION commenced in the Superior Court Department on
March 27, 2001.

The case was heard by *Daniel F. Toomey,* J., on a motion for
summary judgment.

*John E. Stafford* for the plaintiffs.

*Samuel W. Fern* for the defendant.

PORADA, J. The plaintiffs filed an action in the Superior Court
under G. L. c. 251, § 2, seeking the appointment of an arbitra-
tor to resolve their claims for uninsured benefits under a
standard Massachusetts motor vehicle insurance policy issued
by the defendant. The defendant filed a motion for summary

---

[1]Carlos J. Morales.

judgment on the ground that the plaintiffs had forfeited their right to coverage under the policy because of their refusal to comply with a policy provision requiring them to submit to an examination under oath. The plaintiffs had refused to do so unless each plaintiff was present during the other plaintiff's examination. A Superior Court judge allowed the defendant's motion. He ruled that the request by the defendant that each examination be conducted out of the presence of the other plaintiff was reasonable and, thus, the plaintiffs' refusal amounted to a material breach of the insurance policy. From the dismissal of their complaint, the plaintiffs appeal, arguing that the granting of summary judgment was error because they were at all times willing to submit to an examination under oath provided it was conducted in the presence of both and that their position was reasonable in light of the absence of language in the policy requiring that the examination under oath be conducted separately from and out of the presence of the other claimant. We affirm.

We summarize the facts that are not in dispute. On February 20, 2000, Ramon A. Morales was the operator and Carlos J. Morales a passenger in a vehicle when it was hit in the rear on a public highway by an unidentified vehicle. The driver of the unidentified vehicle left the scene without making his or her identity known. The Morales vehicle was insured under a Massachusetts motor vehicle policy issued by the defendant. The policy contained the following provision:

> "We may also require you and any person seeking payment under any part of this policy to submit to an examination under oath at a place designated by us, within a reasonable time after we are notified of the claim."

The plaintiffs gave notice of their claim to the defendant on February 23, 2000. The defendant responded on February 29, 2000, by acknowledging receipt of the claim, furnishing the plaintiffs with applications for personal injury protection benefits, and requesting that the plaintiffs contact it to arrange a date and time to obtain recorded statements. Subsequently, the plaintiffs underwent independent medical examinations requested by the defendant and the defendant paid both plaintiffs

personal injury protection benefits in the sum of $2,000 each. After several attempts by the defendant to obtain recorded statements from the plaintiffs failed, the defendant scheduled an examination under oath on February 28, 2001, of both plaintiffs. The plaintiffs appeared on that date with counsel but refused to go forward with the examinations unless each was allowed to be present during the other's examination. The defendant refused to accede to this demand by the plaintiffs and the examinations did not go forward. On March 1, 2001, the defendant denied the plaintiffs' claims on the ground that they had refused to comply with the policy provision requiring them to submit to an examination under oath.

The submission to an examination under oath is a condition precedent to coverage under a Massachusetts motor vehicle insurance policy. *Ellis* v. *Safety Ins. Co.*, 41 Mass. App. Ct. 630, 638-639 (1996). A wilful, unexcused failure to submit to an examination under oath constitutes a material breach of the insurance contract without proof of actual prejudice to the insurer's interests, discharging the insurer's liability under the contract. *Lorenzo-Martinez* v. *Safety Ins. Co.*, 58 Mass. App. Ct. 359, 362 (2003).

The plaintiffs argue that their coverage was not forfeited in this case because there is no language in the contract that requires that the examination must be conducted separately and out of the presence of another claimant for benefits under the policy. The plaintiffs are correct that the insurance contract is silent on this subject. However, an insurance contract, like all contracts, must be given a sensible, practical construction. See *Cody* v. *Connecticut Gen. Life Ins. Co.*, 387 Mass. 142, 146 (1982). The purpose of the examination under oath provision "ostensibly [is] to weed out fraud by providing [the] insurer with a mechanism for obtaining formal corroboration of a claim. This mechanism is particularly important in situations like [a] hit-and-run accident . . . , where information about the claim is primarily or exclusively within the possession of the insured." *Lorenzo-Martinez* v. *Safety Ins. Co.*, 58 Mass. App. Ct. at 364.

As the motion judge noted, the use of separate examinations under oath of claimants involved in the same accident allows insurers to ascertain the legitimacy of their claims by determin-

ing whether the claimants' versions of the same accident are consistent. If their versions are consistent, the insurer is at least provided with some indicia that their accounts are true and their claims should be paid, and if not, the converse may be true. If a claimant is allowed to sit in on another claimant's examination, the claimant may tailor his or her responses to those of his fellow claimant and, thus, frustrate the objective of the examination. Given the purpose of the inclusion of an examination under oath provision in the policy as an aid to the insurer's investigation of a claim, we conclude that the defendant had the right to demand that the plaintiffs submit separately and out of the presence of each other to an examination under oath and that the plaintiffs' wilful and unexcused refusal to accede to that demand was a material breach of the insurance contract, resulting in forfeiture of coverage of their claims. "[O]ur decision is in keeping with the long-standing rule of construction that the favored interpretation of an insurance policy is one which 'best effectuates the main manifested design of the parties.' " *Worcester Mut. Ins. Co.* v. *Marnell*, 398 Mass. 240, 245 (1986), quoting from *King* v. *Prudential Ins. Co.*, 359 Mass. 46, 50 (1971).

The judgment is affirmed.

*So ordered.*