Rutberg, J.
We are asked if it was erroneous to grant summary judgment to an insurer that denied coverage after it refused to pay the cost of a video conference to enable its insured to give an examination under oath. We answer that the allowance of summary judgment was correct and appropriate.
The plaintiff alleges that Ernesto Roman was a passenger in an automobile that was involved in a collision that occurred on March 31,2005. The driver of the car in which he was riding was insured by the defendant, Pilgrim Insurance Company. Through counsel, Mr. Roman filed a claim for medical reimbursement on June 7, 2005; ten days later, defendant scheduled an examination under oath at its attorneys’ offices for June 30, 2005. Mr. Roman’s attorneys requested that the examination be postponed because they were unable to provide someone from their office to attend along with Mr. Roman. Shortly thereafter, defendant’s attorneys rescheduled the examination for July 22, 2005; but, on July 20, Mr. Roman’s counsel wrote to defendant’s counsel that Mr. Roman “is currently residing in Florida.” It is uncontrovert-ed that Mr. Roman was a resident of this Commonwealth at the time of the accident and on the original date of the examination under oath. The record contains no indication that Mr. Roman’s counsel ever attempted to communicate his client’s intent to remove himself from the Commonwealth to defendant’s counsel.
In an attempt to assist their client fulfill his responsibility to attend the examination under oath, Mr. Roman’s counsel offered to make him available for a video conference through the auspices of a local Kinko’s store that provides such services on a fee basis. Defendant agreed to accept a video conference but insisted that Mr. Roman pay the cost imposed by Kinko’s, about $450.00 per hour. Mr. Roman’s counsel was advised that defendant refused to pay the cost of the video conference, and counsel made no effort to schedule Mr. Roman’s video conference. After about two months had passed, defendant’s counsel wrote a letter denying coverage based upon Mr. Roman’s failure to cooperate with defendant’s requests.
Apparently, Mr. Roman moved back to Massachusetts sometime before February 9,2006, the date of the filing of the complaint, because his complaint alleges that he *20 is a resident of Worcester, Massachusetts. Mr. Roman died in Worcester on April 23, 2006, after which the complaint was amended to designate the administratrix of his estate as plaintiff. The record is bereft of any evidence indicating that either Mr. Roman or his attorneys ever attempted to make him available for an examination under oath after he returned to Massachusetts, and his estate does not claim that such an attempt was made.
Defendant moved for summary judgment alleging that Mr. Roman’s failure to appear for an examination under oath constituted a material breach of the underlying insurance contract which relieved defendant of its responsibility to indemnify Mr. Roman. Defendant’s motion was allowed, and Mr. Roman’s estate has appealed.
‘The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). See also Greater Lawrence Sanitary Dist. v. Town of North Andover, 439 Mass. 16, 20-21 (2003). “Review of a grant or denial of summary judgment involves the same standard employed initially by the trial court.” J.W. Smith & H.B. Zobel, Rules Practice §56.10, at 364 (1977). See also Fall River Hous. Auth. v. H.V. Collins Co., 414 Mass. 10, 12 (1992).
An “unexcused refusal to submit to an examination under oath ... constitutes a material breach of the insurance contract discharging the insurer’s liability under the contract.” Lorenzo-Martinez v. Safety Ins. Co., 58 Mass. App. Ct. 359, 363 (2003). Mr. Roman’s estate claims that defendant acted unreasonably in refusing to pay for the video conference. According to this theory, Mr. Roman’s inability to be examined under oath would not constitute an “unexcused refusal” to submit to such an examination. Therefore, the estate goes on to argue the reasonableness of the defendant’s refusal to pay presents issues of fact for trial. Given the facts of this case, we disagree.
It is undisputed that Mr. Roman had the duty to submit to an examination under oath as a condition precedent to his being indemnified. Mello v. Hingham Mut. Fire Ins. Co., 421 Mass. 333 (1995); Lorenzo-Martinez, supra. At first blush, the reasonableness of an insured’s failure to attend an examination presents issues of fact for a jury to decide; however, the uncontroverted facts of this case would require any jury to find that Mr. Roman’s failure was both unreasonable and unexcused as a matter of law. Appleby v. Daily Hampshire Gazette, 395 Mass. 32 (1985); Baptiste v. Sheriff of Bristol County, 35 Mass. App. Ct. 119 (1993). By removing himself and his residence from Massachusetts after his examination had been scheduled but before it was scheduled to occur, Mr. Roman’s demand that the insurer pay substantial additional costs to obtain an examination to which it is entitled as a matter of law touches the outer edge of reasonableness. If the failure of Mr. Roman or his counsel to advise the insurer of his intention to remove himself at the time that an adjournment of the examination is sought for the convenience of his counsel does not burst through the outer edge of reasonableness, then their combined refusal to pay the additional expense necessitated by their wilful or negligent deception makes it impossible for any reasonable jury to find for Mr. Roman’s estate on this issue.
The estate’s claim that Pilgrim Insurance Company should pay the cost of the video conference because it is better situated to bear the expense of the video con *21 ferencing is not supported by any -fact properly before the motion judge or this court; moreover, it is not supported by statute or case law. Occasionally, courts allocate the burdens of litigation based on the respective parties’ ability to bear those burdens. See Cantres v. Director of the Div. of Employment Sec., 396 Mass. 226 (1985). We do not choose to apply this standard in this case because the burden itself was created by the wilful or negligent acts of Mr. Roman or his counsel.
For the reasons stated above, the trial court’s allowance of summary judgment for Pilgrim Insurance Company is affirmed.
So ordered.