Rutberg, J.
This is an appeal of the allowance of a motion for summary judgment for Bank of America, NA., plaintiff-creditor, granted to it in a case involving its claim for the alleged unpaid credit card balance. At the same hearing, defendant-debtor Francis Sheehy’s motion to dismiss the complaint for failure to state a claim upon which relief may be granted was denied. Mass. R. Civ. R, Rule 12(b) (6). That denial has also been appealed.
“Review of a grant or denial of summary judgment involves the same standard employed initially by the trial court.” Agostini v. Pilgrim Ins. Co., 2008 Mass. App. Div. 19, 20, quoting J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §56.10, at 364 (1977).
It is axiomatic that “[sjummary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.” Correia v. Fagan, 452 Mass. 120, 129 (2008), citing Mass. R. Civ. P., Rule 56(c). Bank of America submitted three affidavits in support of its motion, which clearly detail the history of Mr. Sheehy’s credit card account producing the claimed unpaid balance of $22,468.68 as of the date that the underlying action was filed. Defendant-debtor did not submit affidavits, admissions, or interrogatories in opposition to the motion for summary judgment, although he did file an opposition to the motion, supported, in effect, by his motion to strike the bank’s affidavits. While the trial judge did not specifically rule on defendant-debtor’s motion to strike, we infer its denial from the allowance of the motion for summary judgment. When a motion for summary judgment is adequately supported, Rule 56(e) requires that the nonmoving party demonstrate that “there is a genuine issue for trial” by affidavits or other properly presented documentation. As none were submitted in this case, the allowance of the motion for summary judgment must be confirmed unless the trial judge’s failure to allow defendant-debtor’s motion to strike the bank’s affidavits constituted reversible error.
To the extent that the trial judge’s allowance of the motion for summary judgment constituted his denial of defendant-debtor’s motion to strike, we find no error. Mr. Sheehy’s motion claims that the facts spelled out in the affidavits submitted in sup *88 port of the motion for summary judgment were not based on the particular affiant’s personal knowledge, contained inadmissible hearsay, or contained matters that could not be introduced into evidence. This argument requires modern bookkeeping, by way of electronic storage of information and data transfer, to confront the business records exception to the hearsay rule. G.L.c. 233, §§78, 79E, and 79K. Nevertheless, the Supreme Judicial Court has ruled that the lack of personal knowledge as to the contents of a particular record affects only its weight, not its admissibility. Beal Bank, SSB v. Eurich, 444 Mass. 813, 815-816 (2005). Indeed, the Beal Bank case seems to have put the arguments that lie at the heart of defendant-debtor’s case to rest.
Mr. Sheehy has staked a great deal of his case on the fact that the copies of some of the monthly credit card statements that were submitted as exhibits to one of the affidavits bear the following legend: ‘This is an electronic reproduction of your statement and contains account information only.” Indeed, throughout his brief, defendant-debtor refers to these statements as “bogus statements.” These legends affect only the weight, and not the admissibility, of the affidavits to which they were attached.
Therefore, plaintiff-creditor’s motion for summary judgment was adequately supported, and defendant-debtor presented nothing that gives rise to an issue for trial; the allowance of plaintiff-creditor’s motion for summary judgment was proper, and it is affirmed.
Defendant-debtor has also appealed the trial court’s denial of his motion to dismiss the complaint for failure to state a claim upon which relief may be granted. This motion asks this Division to apply retroactively the standard announced by the Supreme Judicial Court in Iannacchino v. Ford Motor Co., 451 Mass. 623 (2008). We need not decide the issue of retroactivity, however, because both counts of the complaint comport with the standard announced in Iannacchino, i.e., that the complaint state plainly that the pleader is entitled to relief. Id. at 636. The first count of the complaint sounds in breach of contract based upon a credit card agreement entered into by the parties, and the second count sounds in quantum meruit for the value received by defendant-debtor from his use of the credit card. These allegations clearly set forth the basis of a cognizable claim, and they are not mere “labels and conclusions.” Id., quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). The Iannacchino decision was, by its own words, a “refinement” of the existing law. Id. at 635. It did not change the basic concept that a motion to dismiss a complaint attacks only its sufficiency, not whether its allegations can be proved. See Saltmarsh v. Saltmarsh, 395 Mass. 405, 413 (1985) (“[T]he motion to dismiss should not have been allowed... unless, as a matter of law, the[] allegations, if proved, would not warrant some form of relief. ...” [emphasis added]). Defendant-debtor’s motion to dismiss was properly denied.
The judgment of the trial court is affirmed.
So ordered.