Swan, J.
Chiropractic Care Centers, Inc. (“Chiropractic Care”) has appealed the allowance of a motion for summary judgment filed by Arbella Insurance Company (“Arbella”). Pursuant to Mass. R. Civ. R, Rule 56 (g), we view the evidence in the light most favorable to the nonmoving party, Chiropractic Care. Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).
On November 20, 2008, Beatriz Limardo (“Limardo”) was injured in an accident involving a vehicle insured by Arbella.[1] On January 8, 2009, a claims adjuster at Arbella spoke with Michael Bellante (“Bellante”), an attorney representing Limardo, regarding the accident, and four days later received a letter of representation from him with a claim for personal injury protection (“PIP”) benefits. The insurance policy provided that Arbella had no duty to provide coverage unless Limardo cooperated with Arbella in the investigation of her claim. Arbella assigned its in-house legal counsel, David Goldman (“Goldman”), to conduct an examination under oath (“EUO”)[2] of Limardo. On February 20, 2009, Goldman sent a letter to Bellante, scheduling an EUO for 9:30 AM on March 20,2009 at Arbella’s offices in Wakefield. On March 5, Bellante called Goldman and said he had a scheduling conflict and asked Goldman to postpone the EUO. Goldman agreed to do so and on April 10, *178 2009, sent another letter to Bellante rescheduling the EUO to 10:00 AM on May 12, 2009 at the Wakefield office. Like the earlier letter, the April letter was sent by first-class mail, postage prepaid, to Bellante’s office and included detailed directions to Arbella’s office. The letter was not returned. On May 12, 1009, Limardo failed to appear at the EUO.
On June 5, 2009, a claims manager at Arbella’s special investigations unit wrote to Bellante denying Limardo’s PIP claim for the following two reasons: (1) her failure to appear at the EUO, and (2) her statements on her application for insurance that she had not been found guilty of any moving violations or had her license suspended or revoked for the six prior years, both statements being false. Neither Arbella nor Goldman heard from Bellante thereafter. When Chiropractic Care, which had provided therapeutic services to Limardo, submitted medical bills for PIP payments to Arbella, the claims adjuster, writing on June 18, 2009, replied, “Claim has been denied. Contact claimant/attorney directly.” On July 8,2010, Chiropractic Care, as an unpaid party, commenced this action against Arbella for PIP benefits under G.L.c. 90, §34M and for violations of G.L.c. 93 and c. 93A. Arbella raised Limardo’s noncooperation as a defense and, recounting the foregoing facts, moved for summary judgment Chiropractic Care filed an opposition to the motion but no counter-affidavit.
“[T]he obligation of the injured party to cooperate with the insurer in a PIP claim is mandated by statute. ‘Noncooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by this section and failure of an insurer to pay benefits in the event of such noncooperation shall not in any way affect the exemption from tort liability granted herein.’ G.L.c. 90, §34M.” Lynn Physical Therapy, Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 107, 111. “The submission to an examination under oath is a condition precedent to coverage under a Massachusetts motor vehicle insurance policy. Ellis v. Safety Ins. Co., 41 Mass. App. Ct. 630, 638-639 (1996). A wilful, unexcused failure to submit to an examination under oath constitutes a material breach of the insurance contract without proof of actual prejudice to the insurer’s interests, discharging the insurer’s liability under the contract. Lorenzo-Martinez v. Safety Ins. Co., 58 Mass. App. Ct. 359, 362 (2003).” Morales v. Pilgrim Ins. Co., 58 Mass. App. Ct. 722, 724 (2003). See Knight v. CNA Ins. Co., 2003 Mass. App. Div. 198, 200. In addition to showing a wilful, unexcused failure to attend an EUO, the insurer must also show that it has met its “‘reciprocal obligation to exercise good faith and diligence in securing th[e] cooperation’ of its insured in obtaining an examination under oath from the insured.... [A]n insured is relieved of his obligation to submit to an examination under oath if the request for the examination is not made within a reasonable time after the insurer receives notice of the insured’s claim.” Knight, supra at 200, quoting Lorenzo-Martinez, supra at 365.
The time periods here, and what happened within them, are not disputed. “What is a reasonable time is usually a question of fact, but if the facts are not in dispute, it is a question of law. Powell v. Fireman’s Fund Ins. Cos., 26 Mass. App. Ct. 508, 513 (1988). Determining what is a reasonable time involves examining ‘the nature of the contract, the probable intention of the parties, and the attendant circumstances.’ Plymouth Port, Inc. v. Smith, 26 Mass. App. Ct. 572, 575 (1988).” Lorenzo-Martinez, supra at 364-365.
During the brief interlude of thirty-nine days after Arbella received the written PIP claim from Bellante, Arbella made a determination that an EUO was necessary. *179 As indicated in Arbella’s office log,[3] Arbella learned of Limardo’s misrepresentations in her insurance application as well as the possibility of a “jump in”[4] with two other individuals allegedly injured in the accident. On the thirty-ninth day, February 20, 2009, Goldman notified Bellante of an EUO to be taken one month later on March 20. The time taken after receipt of the written PIP claim to investigate the matter, to decide to take an EUO (39 days), and to set the date for the EUO (28 days) totaled sixty-seven days and was reasonable by any reported standard. See id. at 365-366 (nine months reasonable if insurer made seven prior unsuccessful attempts to get recorded statement, but thirteen months unreasonable if no attempts made); Knight, supra at 203 (four and one-half months unreasonable if unexplained). See also Morales, supra at 723-724 (one year not ruled as unreasonable but issue not addressed in decision). It was then at Bellante’s request, and as an accommodation to Bellante, that the EUO was rescheduled to May 12, 2009. The mailed notification with directions to Arbella’s offices was presumably received. “The depositing of a letter in the post office, postage prepaid, properly addressed to a person at his place of business or residence, is prima facie evidence that it was received in the ordinary course of mails.” Eveland v. Lawson, 240 Mass. 99,103 (1921). While these arrangements were made with Bellante and not directly with Limardo, the attorney’s knowledge may be imputed to his client. Quinn v. Hintlian, 4 Mass. App. Ct. 805 (1976). See Flynn v. Wallace, 359 Mass. 711, 718 (1971); RESTATEMENT (SECOND) OF AGENCY §268(1) (a), at 582 (1958) (“LA] notification given to an agent is notice to the principal if it is given... to an agent authorized to receive it.”). The resulting failure of Limardo to attend the EUO, aggravated by her failure to communicate with Bellante, established noncooperation on her part.[5]
The burden then shifted to Chiropractic Care “by affidavits or as otherwise provided in this rule, [to] set forth specific facts showing that there is a genuine issue for trial.” Mass. R. Civ. R, Rule 56(e). Chiropractic Care submitted only an unsworn memorandum in opposition to Arbella’s summary judgment motion. The individuals most knowledgeable about Limardo’s absence from the EUO were Limardo herself and Bellante. No affidavit by them or by anyone else was presented by Chiropractic Care. Moreover, the office logs attached to Chiropractic Care’s memorandum, as noted, actually enhanced the defense of noncooperation rather than negating it. Summary judgment for Arbella was properly entered.
Judgment affirmed.
So ordered.

 Chiropractic Care argues that Arbella should not have been permitted to rely on the terms of its insurance policy since it claimed as one affirmative defense in its answer that the policy was not in effect on the date of the accident. Earlier in its answer, however, Arbella in fact admitted the allegation in the complaint that the vehicle in which Limardo was injured was insured by Arbella. “Modern rules of pleading permit alternative pleading.” Matter of Hilson, 448 Mass. 603, 613 (2007).

 ‘“A statement or examination under oath is an examination conducted by the insurer of the insured who is placed under oath and whose answers are transcribed by a stenographer. 13 COUCH, INSURANCE §§196.6-196.13.”’ Lynn Physical Therapy, Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 107, 108 n.2, quoting Lorenzo-Martinez v. Safety Ins. Co., 58 Mass. App. Ct. 359, 365 n.5 (2003).

 As noted, Chiropractic Care submitted no affidavit in opposition to the motion for summary judgment. It did append various documents to its memorandum in opposition, including the office log.

 “Jump in” is “a term used to describe a person not physically involved in an automobile accident who files a fraudulent claim for injuries sustained in that accident.” Knight, supra at 199.

 According to Arbella’s office log, Bellante indicated that he was having difficulty. contacting his client and that the “case looks like ifs not going anywhere.” Apparently, Limardo was uncooperative with her attorney as well as with her insurance company.