Swan, J.
As an unpaid party, Byron V. Hartunian, M.D., P.C. (“Hartunian”) billed Arbella Mutual Insurance Company (“Arbella”) for personal injury protection (“PIP”) payments pursuant to G.L.c. 90, §34M for services provided to Ronniace Campbell (“Campbell”) arising from an accident involving a vehicle insured by Arbella. Campbell’s claim for PIP benefits had earlier been denied because she had not attended an examination under oath (“EUO”).[1] Payment to Hartunian having thus in turn been denied, Hartunian commenced this suit. Raising noncooperation as a defense in its answer, Arbella successfully moved for summary judgment. Hartunian has appealed that judgment.
The facts are very similar to those in Chiropractic Care Ctrs., Inc. v. Arbella Ins. Co., 2012 Mass. App. Div. 177 (“Chiropractic Care”), in which we affirmed the allowance of Arbella’s motion for summary judgment on the defense of noncooperation. In this case, Arbella submitted affidavits in support of its motion. The first was executed by Arbella’s special investigator and record keeper; the second affidavit was by Arbella’s attorney. Viewed together, the affidavits indicated that Arbella scheduled an EUO by mailing a notice to Campbell’s attorney, and that neither Campbell nor her attorney attended. Moreover, while the injured party’s attorney in Chiropractic Care actually filed a PIP claim with Arbella, none was filed by or on behalf of Campbell in this case.[2] Hartunian, like the plaintiff provider in Chiropractic Care, supra at 179, failed to respond to Arbella’s motion “by affidavits or as otherwise provided in this rule, [to] set forth specific facts showing that there is a genuine *84 issue for trial.” Mass. R. Civ. E, Rule 56(e). Summary judgment was properly entered. See Brown v. F.L. Roberts & Co., 452 Mass. 674, 678 (2008).[3]
Judgment affirmed.
So ordered.

 “A statement or examination under oath is an examination conducted by the insurer of the insured who is placed under oath and whose answers are transcribed by a stenographer. 13 COUCH, INSURANCE §§196.6-196.13.” Lorenzo-Martinez v. Safety Ins. Co., 58 Mass. App. Ct. 359, 365 n.5 (2003).

 Another factual difference is that in Chiropractic Care, the injured party’s attorney responded to the first request for an EUO, and obtained a continuance. A new date was scheduled and a new notice was sent, but the client failed to appear. Id. at 177-178. The timeliness of the insurer’s request for an EUO was an additional issue in Chiropractic Care, but not in this action.

 For the first time on appeal, Hartunian raised a constitutional issue not presented in the court below, namely, that granting summary judgment to a party with the burden of proving an affirmative defense deprives the other party of a trial by jury in violation of art. 15 of the Massachusetts Declaration of Rights. An “issue not raised or argued below may not be argued for [the] first time on appeal.” McNamara v. Corte-Real, 2009 Mass. App. Div. 215, 218. In any event, Hartunian cites no authority for this proposition, which has been discounted by the Supreme Judicial Court, see Freeman v. Wood, 79 Mass. 777, 779-780 (1980), and has been viewed as “hopeless” by the United States Court of Appeals for the First Circuit. Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006). And now by us.