The plaintiff medical services provider, Egleston Physical Therapy, Inc. (Egleston), brought this action to recover unpaid personal injury protection (PIP) benefits on behalf of its patient Sofia Gelibert. The defendant insurer, Progressive Direct Insurance Company (Progressive), interposed the affirmative defense of noncooperation. Following a jury verdict in favor of Progressive, Egleston appealed from the judgment, arguing that the trial judge erred in denying its motion for a directed verdict on Progressive's noncooperation defense.[2] We affirm.
Discussion. In reviewing the denial of a directed verdict motion, we "tak[e] into account all the evidence in its aspect most favorable to the [nonmoving party] ... to determine whether, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, the jury reasonably could return a verdict for the [nonmoving party]." Phelan v. May Dep't Stores Co., 443 Mass. 52, 55 (2004), quoting Tosti v. Ayik, 394 Mass. 482, 494 (1985).
In the light most favorable to Progressive, the jurors could have found the following relevant facts. By letter dated May 12, 2011, Attorney John H. Molloy advised Progressive that he represented three individuals, including Gelibert, relative to injuries they sustained in a motor vehicle accident that took place on March 25, 2011, and that a claim was being made for PIP benefits. By letter of July 1, 2011, Progressive notified Molloy that an examination under oath (EUO) of his clients was scheduled to take place on July 18, 2011.[3] Gelibert did not appear on July 18, 2011. By letter dated July 19, 2011, Progressive notified Molloy that Gelibert's EUO was rescheduled to September 14, 2011. Gelibert again did not appear on September 14, 2011. By letter dated November 3, 2011, Progressive notified Molloy that Gelibert would be given a final opportunity to submit to an EUO on November 28, 2011. After Gelibert failed to appear, Progressive notified Molloy, by letter dated December 2, 2011, that Gelibert's claim for PIP benefits was being denied for noncooperation.
The evidence thus established Gelibert's noncooperation by her unexplained failure to submit to an EUO, even though she was given several opportunities to do so over a period of approximately five months. See Morales v. Pilgrim Ins. Co., 58 Mass. App. Ct. 722, 724 (2003) (intentional or unexcused failure to attend EUO constitutes noncooperation). See also Mello v. Hingham Mut. Fire Ins. Co., 421 Mass. 333, 337 (1995) (duty to cooperate and submit to EUO is condition precedent to enforcement of insurance contract).
Egleston contends, however, that the evidence was insufficient to establish that Gelibert had notice of the scheduled EUOs since the notices went to Malloy and not to Gelibert. Recognizing that notice to Gelibert's attorney was notice to her, see Flynn v. Wallace, 359 Mass 711, 717 (1971), Egleston further contends that Molloy's letter of representation was hearsay and therefore insufficient to establish that Molloy was, in fact, Gelibert's attorney. Contrary to Egleston's claim, Molloy's letter of representation was properly admitted in evidence under the business records exception to the hearsay rule. See Beal Bank, SSB v. Eurich, 444 Mass. 813, 815 (2005) ("a document is admissible as a business record if ... it was (1) made in good faith; (2) made in the regular course of business; (3) made before the action began; and (4) the regular course of business to make the record at or about the time of the transaction or occurrences recorded").
Egleston contends, however, that Molloy's correspondence to Progressive cannot constitute a business record of Progressive since it merely received the correspondence. Yet, documents received and relied on in the regular course of business may become the business records of the receiving party so long as they carry sufficient "indicia of reliability." Commonwealth v. Fulgiam, 477 Mass. 20, 40 (2017). Here, Progressive's claims supervisor testified that Progressive receives and relies upon letters of representation in its claims handling process, sending all subsequent communications to claimants through their attorneys. As attorneys in the Commonwealth owe a duty to be truthful in their statements to third parties, see Mass. R. Prof. C. 4.1, as appearing in 471 Mass. 1438 (2015), these letters of representation bear sufficient "indicia of reliability." Fulgiam, 477 Mass. at 40. As Molloy's letter of representation was properly admitted in evidence under the business records exception to the rule against hearsay, it was competent to prove the matter asserted therein, namely, that Molloy represented Gelibert. See G. L. c. 233, § 78 ; Mass. G. Evid. § 803(6)(A) (2018).
Egleston's final claim is that, even assuming the admissibility of the correspondence, the substance was insufficient to put Gelibert or her attorney on notice of the EOU due to the mistakes in Progressive's July 1, 2011 letter scheduling the initial EUO. Whether Progressive's letters fairly put Gelibert on notice of the scheduled EUOs was a question for the jury. See Salvas v. Wal-Mart Stores, Inc., 452 Mass. 337, 359 n.58 (2008) ("disagreements about how to interpret ... business records are to be resolved by the fact finder"). In the light most favorable to Progressive, the letters were sufficient to allow the jury to conclude that Gelibert had notice of the scheduled EUOs and nonetheless failed to submit. Egleston's motion for directed verdict on the defense of noncooperation was properly denied.[4]
Decision and order of the Appellate Division affirmed.

Egleston initially appealed to the Appellate Division of the Boston Municipal Court. That court affirmed the judgment, after which Egleston further appealed to this court.

Although the text of the letter mistakenly referenced two unrelated individuals and a different accident date, the reference line of the letter correctly identified Gelibert and the other two individuals involved in the accident, and contained other correct claim identifiers (name of insured and date of accident) that matched the claim identifiers in Molloy's letter of representation.

Egleston's request for appellate legal fees and costs is denied.